IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN WINGATE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:07-cv-02923 |
| JOHNS HOPKINS BAYVIEW MEDICAL, CENTER, INC. | * | |
| | * | |
| Defendant, | * | |
| AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, Council 67 and Local 3374, 1410 Bush Street, Suite A Baltimore, MD 21230 | * | |
| | * | |
| Party to be joined. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT'S MOTION TO COMPEL JOINDER OR TO DISMISS**

Defendant, Johns Hopkins Bayview Medical Center, Inc. ("Defendant"), by James P. Gillece, Jr., its counsel, hereby moves that this Court compel the joinder of the American Federation of State, County and Municipal Employees (AFSCME), Council 67 and Local 3374, pursuant to Fed. R. Civ. P. 19(a). Defendant also moves, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for the dismissal of the Complaint by Plaintiff Carolyn Wingate ("Plaintiff"). As grounds for this motion Defendant states:

1.   Plaintiff has not joined AFSCME Council 67 and Local 3374 as a party to this action despite the fact that the Complaint is replete with allegations against Local 3374.

2. This Court lacks subject matter jurisdiction over this action because Plaintiff has alleged that her termination by Defendant was an unfair labor practice under the National Labor Relations Act.

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff has no private right of action to remedy such an unfair labor practice.

4. Plaintiff's Complaint exceeds the scope of the charge of discrimination that Plaintiff filed with the Equal Employment Opportunity Commission.

5. Additional points and authorities in support of this Motion are set forth in the accompanying Memorandum.

WHEREFORE, Defendant respectfully requests the Court to dismiss Plaintiff's Complaint in its entirety with prejudice, and to award Defendant its costs and other appropriate relief. In the alternative, Defendant respectfully requests the Court to compel the joinder of AFSCME Council 67 and Local 3374.

## REQUEST FOR HEARING

Defendant respectfully requests a hearing on this Motion.

Respectfully submitted,

James P. Gillece, Jr.
Bar No. 00175
Whiteford, Taylor & Preston, L.L.P.
Seven St. Paul Street
Baltimore, Maryland 21202-1626
Tel. (410) 347-8700
Fax (410) 234-2358
jgillece@wtplaw.com

Counsel for Defendant,
Johns Hopkins Bayview Medical Center, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of December, 2007, a copy of the foregoing Defendant's Motion to Compel Joinder or to Dismiss, Memorandum of Law in Support of Motion, and proposed Order were mailed to:

>George A. Rose
>Rose Law Firm, LLC
>218 East Lexington Street
>Suite 500A
>Baltimore, MD 21202
>
>Counsel for Plaintiff,
>Carolyn Wingate

_____
James P. Gillece, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN WINGATE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:07-cv-02923 |
| JOHNS HOPKINS BAYVIEW MEDICAL, CENTER, INC. | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL JOINDER OR TO DISMISS

Defendant, Johns Hopkins Bayview Medical Center, Inc., by James P. Gillece, Jr., its counsel, files this memorandum in support of its Motion to compel the joinder of AFSCME Council 67 and Local 3374 pursuant to Fed. R. Civ. P. 19(a). Defendant further moves to Dismiss all counts of Plaintiff's Complaint. Specifically, Defendant seeks to dismiss this action because (1) this Court lacks subject matter jurisdiction over Plaintiff's claims and (2) Plaintiff's Complaint fails to state a cause of action.

## STATEMENT OF FACTS

Plaintiff began her employment with Defendant in December 2000. *Complaint* ¶ 6. Defendant is a hospital and academic medical center located in southeast Baltimore and is part of the Johns Hopkins Healthcare System. Plaintiff worked as a housekeeping environmental services technician during her term of employment with Defendant. *Id.* At some point during her tenure, Plaintiff came to believe that members of the environmental services department were treated in a "more harsh, strict, punitive way" than employees in other departments. *Complaint* ¶ 8.

Plaintiff alleges that she raised these grievances with Defendant on May 2, 2007. *Complaint ¶ 10.* Plaintiff further states that she raised her concerns with one of the shop stewards for AFSMC Local 3374 and requested that a grievance be pursued under the collective bargaining agreement that covered the environmental services department. *Id.* Plaintiff's Complaint indicates that the union did not pursue her allegations through the grievance process. Plaintiff later circulated a petition among other environmental services employees in an effort to improve the terms of their employment. *Complaint ¶ 12.* Plaintiff and other environmental services employees also formed a group to discuss and improve working conditions within the department. *Complaint ¶ 13.* Plaintiff alleges that in response to these actions, Defendant "started to target and retaliates [sic] against Plaintiff with, warnings write-up, and threats of termination on trumped up allegations." *Complaint ¶ 14.*

During this time, Plaintiff contacted the Equal Employment Opportunity Commission to obtain charge forms. *Complaint ¶ 15.* Plaintiff then began to distribute these forms to other employees during her work hours and outside of her work area. Defendant suspended Plaintiff in response to this conduct. *Complaint ¶ 16.* Plaintiff sought to have the union file a grievance in response to her suspension, but the union took no action. *Id.* Plaintiff then resigned her position. *Id.*

Plaintiff filed a charge of discrimination with the EEOC on June 29, 2007. *Complaint ¶ 3.* A right to sue letter was issued on July 25, 2007. *Id.*

## ARGUMENT

### Standard of Review

A motion to dismiss for failure to state a claim must be granted when the facts of the complaint, and all reasonable inferences arising from those facts, do not support a claim for relief

even when viewed in the light most favorable to the plaintiff. *Eastern Shore, Markets, Inc. v. J.D. Associates Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). In considering a motion to dismiss, all facts contained in the complaint, as well as all reasonable inferences that can be drawn from the facts, are assumed to be true. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). However, consideration may only be given to allegations of fact and inferences deducible from them, as opposed to merely conclusory charges. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). As stated by the U.S. Supreme Court, "While a complaint attacked by a Rule12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___ (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (internal citations omitted).

A.   **Plaintiff's Action Cannot Proceed Unless AFSCME Council 67 and Local 3374 Are Joined As Necessary Parties**

Fed. R. Civ. P. 19 dictates that the action be stayed until Council 67 and Local 3374 of the American Federation of State, County and Municipal Employees (AFSCME) are joined as parties. Rule 19(a)(1) requires that a person or entity be joined where "in the person's absence complete relief cannot be accorded among those already parties." Here, Plaintiff's Complaint directly alleges that she was damaged by both Defendant and the union.

Plaintiff alleges that she requested that the union initiate a grievance on May 2, 2007 in response to her concerns about discriminatory treatment. *Complaint ¶ 10*. However, the

Complaint indicates that the union took no action in response to her allegations. The Complaint also suggests that the union failed to take any action on Plaintiff's behalf after her suspension by Defendant, as Plaintiff alleges that she resigned after the union refused to respond to her request for assistance in the two weeks following her suspension. *Complaint ¶ 16.* Furthermore, the petition distributed among environmental services employees by Plaintiff demonstrates that Plaintiff believed that the Union had utterly failed in its role as the bargaining representative for the members of Plaintiff's department. Complaint ¶ *12; see also Exhibit 1, Petition.* The petition indicates that the employees who endorsed it felt "oppressed" and were forced to work with inadequate breaks and perform tasks outside the scope of their job duties, despite the fact that they were working under the terms of a collective bargaining agreement and had access to their union stewards. *Exhibit 1.*

Plaintiff may argue that the contents of the petition should not be considered in evaluating a Motion based solely upon her Complaint because the petition was not included as an attachment to the Complaint. However, this Court has recognized that where a Complaint references a document, the entirety of that document can be considered at the motion to dismiss stage. *See Biospherics, Inc. v. Forbes, Inc.*, 989 F.Supp. 748, 749 (D.Md. 1997) ("Generally, then, when documents which were not appended to the Complaint are submitted to the court in connection with a Motion to Dismiss pursuant to Rule 12(b)(6), those documents either are not considered or the motion is converted to a summary judgment motion with proper notice to the parties. An exception to the general rule is made for documents which are referred to in the Complaint and upon which Plaintiff relies in bringing the action."). Plaintiff referred to the petition in paragraph twelve of the Complaint, and Plaintiff has relied on the petition in that it forms the basis for Defendant's alleged retaliatory discharge of Plaintiff. The contents of the

petition thus satisfy the requirements set forth in *Biospherics*, and the document can therefore properly be considered in resolving Defendant's motion.

The type of relief sought by Plaintiff also dictates that Council 67 and Local 3374 be joined. While courts have held that the mere fact that a Title VII plaintiff was a union member does not dictate that the union be joined in that plaintiff's discrimination suit, joinder of the union is appropriate "where the court perceives its participation as necessary for a just adjudication." *See Forsberg v. Pacific Northwest Bell Telephone Co.*, 622 F.Supp. 1147, 1150 (D.Or. 1985). The union's participation is necessary where the relief to be granted by the court might include injunctions mandating that the employer engage in conduct inconsistent with its obligations under a collective bargaining agreement:

> The potential for inconsistent obligations arises when, as in this case, plaintiff challenges specific terms of employment contained within the collective bargaining agreement and appropriate relief may require revision of those terms of employment. Under these circumstances, it may be appropriate for the court to fashion relief which will protect the interests of all parties.

*Id.*

Plaintiff has alleged that Defendant's environmental services department employees have been subject to unfair discipline, been denied breaks, and been denied promotions and lateral transfers to other departments. *Complaint ¶ 9.* These sorts of terms and conditions of employment serve as the foundation of collective bargaining agreements, and any steps to remedy the alleged discrimination that may be mandated by an injunction could conflict with Defendant's obligations under its collective bargaining agreement with Local 3374.

Furthermore, Plaintiff has requested that this Court grant an order "directing the Defendant to restore the benefits that Plaintiff would have been otherwise afforded as an employee of Defendant." Such benefits would presumably include the seniority that Plaintiff would have earned during the time since her resignation. The Supreme Court has specifically

held that such retroactive seniority is available to Title VII plaintiffs. *Franks v. Bowman Transportation, Co., Inc.*, 424 U.S. 747, 765–66 (1976). If the union is not a party to this action, this Court will be unable to mandate that the union take any action with respect to an order relating to retroactive seniority relief. Therefore, "complete relief is unavailable in [the union's] absence." *United States Equal Employment Opportunity Commission v. Rockwell International Corp.*, 23 F.Supp.2d 892, 894 (N.D. Ill. 1998).

Given Plaintiff's allegations that the union failed to adequately protect her interests, as well as the potential that any relief granted to Plaintiff could result in the imposition of obligations on Defendant that would be inconsistent with its collective bargaining agreement with Local 3374, the joinder of AFSCME Council 67 and Local 3374 is necessary for a just adjudication of Plaintiff's claims.

    **B.**    **Plaintiff's Complaint Amounts To An Allegation That Defendant Committed An Unfair Labor Practice**

Although Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, the substance of her claim is that Defendant retaliated against her in response to her engagement with fellow employees in what amounted to "concerted activities for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157 (2000). This allegation, if true, would constitute a violation of the National Labor Relations Act. The exclusive remedy for such a violation is the filing of an unfair labor practice charge with the National Labor Relations Board. 29 U.S.C. § 160 (2000).

Plaintiff alleges that she approached Defendant on May 2, 2007 in order to raise the complaints of a number of employees regarding conditions in the emergency department. *Complaint* ¶ 10. Plaintiff again met with Defendant on May 22, 2007 to discuss "Plaintiff's and other environmental services department employee's [sic] grievances." *Complaint ¶ 11.*

Plaintiff also circulated a petition among her fellow employees so that their grievances could be presented to the employer as a group. *Complaint ¶ 12*. Plaintiff also states that she and several other employees within the environmental services department started a support group to provide "support and assistance for group members, who were having problems on the job, experiencing stress from the job, and wanted to improve working conditions and moral [sic] among themselves." *Complaint ¶ 13*. All of this conduct fits within the definition of "concerted activities" for the "mutual aid and protection" of employees as defined by § 7 of the National Labor Relations Act. 29 U.S.C. § 157 (2000).

Plaintiff alleges that "immediately after Plaintiff started these activities, Defendant through its employees, agents and or representatives started to target and retaliate against Plaintiff." *Complaint ¶ 14*. Plaintiff acknowledges that Defendant's conduct, as alleged, constituted an unfair labor practice, as Count III alleges that "Plaintiff was retaliated against in violation of the provisions of the National Labor Relations Act for engaging in protected activity." *Complaint ¶ 32*. Plaintiff again acknowledges that the NLRA is the true basis for her Complaint in Count V, in which Plaintiff quotes §§ 7 and 8(a) of the NLRA in their entirety. *Complaint ¶ 48*. Plaintiff then states that her termination "was in violation of Federal and state public policy and laws, as described in paragraph forty eight (48) above." *Complaint ¶ 49*.

Where an unfair labor practice has been alleged, exclusive jurisdiction lies with the National Labor Relations Board. As stated by the Supreme Court in *San Diego Unions v. Garmon*, "When an activity is arguably subject to 7 or 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted." 359 U.S. 236, 245 (1959). The exclusive nature of the enforcement structure established by the NLRA was also recognized

by the Supreme Court in *Amalgamated Utility Workers v. Consolidated Edison Co. of New York*, 309 U.S. 261, 264-65 (1940):

> Congress declared that certain labor practices should be unfair, but it prescribed a particular method by which such practices should be ascertained and prevented. By the express terms of the Act, the Board was made the exclusive agency for that purpose. . . . The Act then sets forth a definite and restricted course of procedure. A charge of an unfair labor practice may be presented to the Board, but the person or group making the charge does not become the actor in the proceeding. It is the Board, and the Board alone or its designated agent, which has power to issue its complaint against the person charged with the unfair labor practice.

In recognizing that the filing of an unfair labor practice charge with the NLRB was intended to be the sole avenue of relief for employees, *Amalgamated Utility Workers* also drew on the legislative history of the Act, "'No private right of action is contemplated. Essentially the unfair labor practices listed are matters of public concern, by their nature and consequences, present or potential; the proceeding is in the name of the Board, upon the Board's formal complaint.'" *Id.* at 267 (quoting H.R.Rep. No. 972, 71th Cong., 1st sess., p. 21.)

Plaintiff's Complaint, which alleges that Defendant terminated her in response to her engagement in activity protected under the NLRA, must therefore be dismissed, as the exclusive remedy for the alleged harm is the filing of an unfair labor practice charge.

### C. Plaintiff's Claim For Retaliatory Discharge Is Untimely Because This Claim Was Not Raised In Plaintiff's EEOC Charge

Even if this Court concludes that Plaintiff's action is not entirely preempted by the National Labor Relations Act, Plaintiff's claims for retaliatory discharge must fail because these claims are not within the scope of the charge of discrimination that Plaintiff filed with the EEOC. *See Defendant's Exhibit 2*. The filing of a charge of discrimination with the EEOC or an authorized state agency is a necessary prerequisite to a private suit alleging racial discrimination. *Hubbard v. Rubbermaid, Inc.*, 436 F.Supp. 1184, 1187 (D.Md. 1977) ("It is well settled that the

filing of a discrimination charge with either a federal, state, or local agency is the essential first step in the administration of Title VII."). Any private action brought following the conclusion of an EEOC investigation and the issuance of a right to sue letter may only allege claims that were within the scope of the charge. *See Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 963 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."); *see also Lawson v. Burlington Industries, Inc.*, 683 F.2d 862, 863 (4th Cir. 1982) ("Illegal layoff-the charge which appeared in the EEOC notice-does not encompass an allegation of illegal failure to rehire."); *Manning v. Foodarama, Inc.*, 195 F.Supp.2d 741, 745 (D.Md. 2002) (holding that claims alleging failure to promote and failure to schedule were beyond the scope of an EEOC charge that only asserted a claim for wrongful discharge).

Plaintiff filed her charge on June 29, 2007. *Complaint ¶ 3.* In her Complaint, Plaintiff alleges that she was suspended on June 28, 2007 and that she filed a grievance four days later. *Complaint ¶ 16.* Plaintiff states that she resigned "[a]fter nearly two weeks without hearing from the defendant or the union." *Id.* Plaintiff is thus arguing that she was constructively discharged. However, even if this were assumed to be true, the discharge – which would have occurred when Defendant failed to reinstate Plaintiff or respond to her grievance – took place well over one week after Plaintiff filed her charge of discrimination with the EEOC.

In reviewing Plaintiff's charge of discrimination, it is clear that the charge does not address any allegation of constructive discharge. Plaintiff's charge alleges that, "Because the employer did not address the issues which I raised, I prepared a petition for employees to sign which addressed breaks and our pay rate. In retaliation, I have been written up and suspended."

*Defendant's Exhibit 2, EEOC Charge.* In addition to not addressing Plaintiff's alleged constructive discharge, the charge makes no reference to the type of repeated discriminatory incidents alleged in Plaintiff's Complaint. The charge lists the first date on which discriminatory conduct occurred as April 1, 2007. *Id.* This date is inconsistent with the Complaint's allegations that Defendant discriminated against Plaintiff "[o]ver the years of [Plaintiff's] employment." *Complaint ¶ 8.* Thus, any allegations in the Complaint relating to incidents prior to April 1, 2007 would be beyond the scope of Plaintiff's EEOC charge. Furthermore, the Complaint also fails to identify which, if any, of the discriminatory incidents that allegedly occurred during her years of employment took place after the April 1, 2007 cut-off date listed in the EEOC charge.

Plaintiff's Complaint thus fails to conform to the requirement that all claims set forth in an action for employment discrimination be within the scope of the administrative charge. *Pritchett v. General Motors Corp.*, 650 F.Supp. 758, 761 (D.Md. 1986) ("'The suit filed may encompass only the discrimination stated in the charge itself or developed in the course of a reasonable investigation of that charge.'") (quoting *King v. Seaboard Coastline Railroad Co.*, 538 F.2d 581, 583 (4th Cir.1976)). Therefore, all of Plaintiff's claims except those relating to her write-up and suspension must be dismissed on the grounds that they are outside the scope of Plaintiff's EEOC charge.

Plaintiff may assert that the contents of her charge of discrimination should not be considered in evaluating a motion to dismiss because the charge was not included as an attachment to the Complaint. As discussed in Part A, *supra*, this Court has recognized that where a Complaint references a document, the entirety of that document can be considered in deciding a motion to dismiss. *Biospherics, Inc.*, 989 F.Supp. at 749. Plaintiff referred to her EEOC charge in paragraph three of the Complaint, and the filing of such a charge is a

prerequisite to any private action by Plaintiff in response to the alleged discrimination. The contents of the EEOC charge thus satisfy the standard for consideration set forth in *Biospherics*, and the charge can therefore properly be considered in resolving Defendant's Motion to Dismiss.

**CONCLUSION**

As Plaintiff's allegations are properly cognizable as a claim that Defendant has committed unfair labor practices through its termination of Plaintiff in retaliation for her participation in concerted activities for the mutual aid and protection of her fellow workers, this Court lacks subject matter jurisdiction. The exclusive remedy for the alleged unfair labor practices is the filing of an unfair labor practice charge with the National Labor Relations Board, and dismissal is therefore proper under Fed. R. Civ. P. 12(b)(1). Given the exclusive nature of the Board's procedures, Plaintiff's claim also fails to state a claim for which relief can be granted. In the alternative, Plaintiff's claims beyond those relating to her write-up and suspension must be dismissed as beyond the scope of her EEOC charge. Finally, should this Court determine that dismissal of Plaintiff's claim is not appropriate, AFSCME Council 67 and Local 3374 must be joined as a necessary party under Fed. R. Civ. P. 19(a), as complete relief may not be accorded without the union's participation.

Respectfully submitted,

_____
James P. Gillece, Jr.
Bar No. 00175
Whiteford, Taylor & Preston, L.L.P.
Seven St. Paul Street
Baltimore, Maryland 21202-1626
Tel. (410) 347-8700
Fax (410) 234-2358
jgillece@wtplaw.com
Counsel for Defendant,
Johns Hopkins Bayview Medical Center, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| CAROLYN WINGATE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. 1:07-cv-02923 |
| JOHNS HOPKINS BAYVIEW MEDICAL, CENTER, INC. | * | |
| | * | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ORDER

**UPON CONSIDERATION** of Defendant, Johns Hopkins Bayview Medical Center, Inc., Motion to Compel Joinder or to Dismiss and Plaintiff's opposition thereto, it is this _____ day of _____, 200__, hereby:

**ORDERED**, that Defendant Johns Hopkins Bayview Medical Center's Motion is hereby **GRANTED** in its entirety; and

**ORDERED**, that this action be, and hereby is **DISMISSED**.

_____
**Judge**
United States District Court for the District of Maryland