**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| CAROLYN WINGATE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: 1:07-cv-02923 |
| | * | |
| JOHNS HOPKINS BAYVIEW MEDICAL CENTER, INC. | * | |
| Defendant | * | |

* * * * * * * * * * * * *

**LEGAL BRIEF IN OPPOSITION TO
DEFENDANT'S MEMORANDUM OF LAW**

Plaintiff, Carolyn Wingate, (hereinafter "Plaintiff"), by her undersigned counsel, respectfully submit this Legal Brief in Opposition to Defendant's Memorandum of Law, for consideration by this Court.

**I.      STATEMENT OF THE CASE**

On February 26, 2008 Defendant filed a Memorandum of Law with this Court in response to Plaintiff's Motion in Opposition to Defendant's Motion To Strike Plaintiff's Amended Complaint. In its Memorandum of Law, Defendant effectively withdrew its Motion to Strike Plaintiff's Amended Complaint, and then sought to "clarify the status of its pending Motion to Compel Joinder or to Dismiss" in requesting this Court to "treat" Defendant's Motion to Compel Joinder or to Dismiss, as "pending" against Plaintiff's Amended Complaint. *(Memorandum of Law, p. 1-2)*

Defendant filed its Motion to Compel Joinder or to Dismiss on December 31, 2007 in response to a October 26, 2007 Complaint that Plaintiff filed against Defendant, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. Sections 2000e et seq. and the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C. § 1981. However, on January 17, 2008, Plaintiff filed an Amended Complaint pursuant to Fed R. Civ. P. 15(a). Plaintiff also filed concurrently, but separately, Plaintiff's Motion in Opposition to Defendant's Motion to Compel Joinder or to Dismiss. Plaintiff argued in her Motion in Opposition to Defendant's Motion to Compel or to Dismiss, that the Motion to Compel or to Dismiss became moot by the filing of Plaintiff's Amended Complaint, which was included as an exhibit to Plaintiff's Motion in Opposition to Defendant's Motion to Compel or to Dismiss.

On January 29, 2008 Defendant filed its Motion to Strike Plaintiff's Amended Complaint and on February 15, 2008 Plaintiff filed her Motion in Opposition to Defendant's Motion to Strike Plaintiff's Amended Complaint. Defendant then filed its Memorandum of Law in response to Plaintiff's Motion in Opposition to Defendant's Motion to Strike Plaintiff's Amended Complaint.

**II.     FACTS & ALLEGATIONS OF THE AMENDED COMPLANT**

Plaintiff's Amended Complaint sets forth the following facts and allegations reproduced and incorporated here in renumbered paragraphs:

1.     Plaintiff is an African American woman who began her employment with Defendant in December 2000, in Defendant's environmental services department, as a house keeping environmental services technician. The vast majority of Plaintiff's co-workers in the environmental services department are African Americans.

2.     Throughout Plaintiff's employment with Defendant, Plaintiff has

performed her work satisfactorily and in accord with the legitimate expectation of the Defendant.

3. During her employment, Plaintiff and her co-workers believed that Defendant have been treating them in an unfair and discriminatory manner, as oppose to how Defendant treated Defendant employees in other departments and areas of the Defendant's organization, where the employees are of mixed races, and or predominantly of the Caucasian race. Plaintiff set forth some of the examples in which Defendant treated Plaintiff in an unfair and discriminatory way to include, denial of "15 minutes breaks", denial of promotions, training and or lateral transfers, unreasonable segregation and humiliating treatment.

4. On May 2, 2007 Plaintiff complaint to Defendant employee relations about an incident involving Plaintiff and a co-worker in which Plaintiff felt they were been harassed and humiliated. Plaintiff also reported the incident to the shop steward for Plaintiff's collective bargaining union ("Local 3374"). Then on May 22, Plaintiff met with Mr. Robert Gair, the director of Defendant's environmental services department, and discussed the incident and other grievances of Plaintiff's and her co-workers. Subsequently Plaintiff met with Local 3374 shop steward Mr. Joey Shaffer, who told Plaintiff to write a petition of the grievances and collect the signatures of other co-workers who had the said grievances.

5. On or about June 14, 2007 Plaintiff draw up a generalized petition of Plaintiff's and her co-workers grievances, and subsequently started collecting signatures from her co-workers who supported the petition. Also on June 14, 2007 Plaintiff visited the Equal Employment Opportunity Commission ("EEOC") office in Baltimore, and complained about the unfair and discriminatory treatment against her and her co-workers. Personnel at the EEOC office provided Plaintiff with EEOC complaint forms and told Plaintiff she could past the forms out to other co-workers who were complaining of unfair and discriminatory treatment.

6. By June 21, 2007 Plaintiff collected no less than seventy two (72)

signatures of other African American employees who supported the petition. Plaintiff provided copies of the petition with the signatures to Mr. Robert Gair and Mr. Joey Shaffer. However, after Plaintiff started these activities, Defendant through its employees, agents and or representatives started to target and retaliates against Plaintiff with, warnings, write-up, and threats of termination on trumped up allegations.

7. During the week starting June 26, 2007 Plaintiff took the EEOC complaint forms to work and passed out around twenty of the forms to her co-workers who had signed the petition. On June 28, 2007 at around 10:00 a.m., as Plaintiff issued an EEOC complaint form to one of her co-workers, they were approached By Plaintiff's supervisors Mr. Harry Mathews and Mr. Ronald Hart. Mr. Mathews questioned the co-worker about the EEOC form and requested to see the form. After Mr. Mathews review the form, he and Mr. Hart walked away without saying anything to Plaintiff or her co-worker. Later that day, at about 2:00 p.m., Plaintiff was summoned by Mr. Gair to report to Defendant's HR office where Plaintiff met Mr. Gair and Ms. Jessica Powell. They immediately suspended Plaintiff from her employment and had Plaintiff escorted form Defendant premises by Defendant security personnel.

8. After more than two week without getting any response from Defendant regarding the status of her employment, Plaintiff was forced to submit a letter of resignation as Plaintiff was by then suffering from the sudden and unexpected loss of her income and livelihood as a result of the suspension and effective discharge from her employment. *(Amended Complaint ¶ 6-13)*

### III.   ISSUES PRESENTED:

1. Whether Defendant's motion to compel or to dismiss, filed against Plaintiff's Complaint, can be treated and applied as pending against Plaintiff's Amended Complaint?

2. Whether Plaintiff's Collective Bargaining Unit, American Federation of State, County and Municipal Employees, AFSCME Council 67, Local 3374, AFL-CIO, is a Necessary

party and required to be joined in this action?

3. Whether Plaintiff's Amended Complaint Pleaded a Legally Cognizable Cause of Action Within the Jurisdiction of This Court?

4. Whether Defendant's withdrawal of its Motion to Strike, and Admission in its Memorandum of Law that it's Motion to Strike is Without Legal basis, Supports Plaintiff Argument for Sanctions Against Defendant for its unwarranted Motion to Strike?

### IV. LEGAL ARGUMENTS, POINTS & AUTHORITIES

**1. Defendant's Motion To Compel Or To Dismiss Which Was Filed Against Plaintiff's Complaint Is Moot And Cannot Be Treated, Revived Against Plaintiff's Amended Complaint.**

Maryland law holds that the "Filing of an amended complaint supersedes the initial complaint, rendering the amended complaint the operative complaint. Gonzales v. Boas, 847 A.2d 491 (Md. Spec. App. 2005) See also, Priddy v. Jones, 567 A.2d 154 (Md. Spec. App. 1989) ("Amended complaint which is complete in itself, without reference to the complaint that preceded it, replaces the earlier complaint in its entirety and the earlier complaint is regarded as withdrawn or abandoned.")

Defendant's Motion to Compel or to Dismiss was filed in response to Plaintiff's initially filed Complaint. Plaintiff filed an Amended Complaint pursuant to Fed R. Civ. P. 15(a), which Defendant, in withdrawing its motion to strike, has accepted as Plaintiff's operative complaint. Plaintiff's Amended Complaint, "which is complete in itself, without reference to the complaint that preceded it, replaces the earlier complaint in its entirety and the earlier complaint is regarded as withdrawn or abandoned." Defendant's motion to compel or to dismiss therefore was moot, because the pleading against which it is filed was withdrawn, abandoned or superseded.

Defendant, having accepted in its Memorandum of Law that Plaintiff's had the right to filed her Amended Complaint pursuant to Fed R. Civ. P. 15(a), cannot now use the Memorandum of Law to "clarify" or "request that this Court continue to treat Defendant's Motion to Compel Joinder or to Dismiss as pending with regard to Plaintiff's Amended Complaint, and that this Court make a decision on the merits of the issues raised in Defendant's Motion." *(Memorandum of Law, p. 1-2)* Defendant's Memorandum of Law, however, provides no law or authorities to support its request that its motion should be treated as pending against Plaintiff's Amended Complaint. The memorandum of Law simply rehashes Defendant's points and arguments from its mooted Motion to Compel Joinder or To Dismiss. Defendant Memorandum of Law cannot operate to give force of law to, or effect the revival of the Defendant's mooted Motion to Compel or to Dismiss against the Plaintiff's Amended Complaint.

2. **Plaintiff's Collective Bargaining Unit, American Federation Of State, County And Municipal Employees, AFSCME Council 67, Local 3374, AFL-CIO, Is Not A Necessary Party To This Action.**

Fed R. Civ. P. 19 (a) set out in part that. "(1) *Required Party.* A person who is subject to service of process and whose Joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: **(A)** in that person's absence, the court cannot accord complete relief among existing parties; . . ." This circuit case law further indicates that, "To determine whether a party should be joined, a two-step inquiry is undertaken examining: (1) whether the party is necessary to the action; and (2) whether the party is indispensable." <u>American General Life and Acc. Ins. Co. v. Wood,</u> 429 F.3d 83 (W.Va. 2005). Additionally, "in determining whether party must be joined as defendant, inquiry contemplated is a practical one and it is addressed to sound discretion of trial

court." *Costal Modular Corp. v. Laminators, Inc*. 635 F.2d 1102 (Md. 1980)

Plaintiff's collective bargaining representative, AFSCME Council 67, Local 3374 ("Local 3374") is not a necessary party that must be joined in this action. Local 3374 relationship to this action derived from the detail facts and information in Plaintiff's Amended Complaint which showed the actions of the Plaintiff to notify and seek help from Local 3374 regarding the racially motivated unfair and humiliating treatment of Plaintiff and the African American employees in the environmental and food services department at Defendant's facility. Additionally, it shows the role of Local 3374 in leading Plaintiff to believe that her activities were initially permissible and authorized.

The Amended Complaint alleging facts that Plaintiff and other African American employees in the environmental services department believed that Defendant discriminated against them in employment conditions, such as denial of breaks, and promotions, shows the reasonable basis for Plaintiff's belief that Plaintiff and other African American employees were been treated unfairly and in a discriminatory manner. However, Plaintiff's Amended Complaint did not set forth any facts or information challenging Local 3374 practices or the collective bargaining agreement. Furthermore, the relief sought against the Defendant can be granted by this Court without affecting the collective bargaining agreement or the labor management relationship between Defendant and Local 3374.

Additionally, Local 3374 have no interest in this action and is not an indispensable party. On the contrary, joining Local 3374 in this action would deprive this Court of subject matter jurisdiction as any claim Plaintiff's may have against Local 3374 would arise under the National

Labor Relations Act, ("NLRA") and within the exclusive jurisdiction of the National Labor Relations Board, ("NLRB")

"The only indispensable party in a federal court is one having such an interest in the controversy that a final decree between the parties before the court cannot be made without affecting his interest or leaving the controversy in such a situation that a final determination might be inconsistent with equity and good conscience." <u>Camp v. Bonsal</u>, 203 F. 913 (N.C. 1913). Local 3374 have no specific interest in this action and is not a required party without which a final determination in the matter "might be inconsistent with equity and good conscience."

3. **Plaintiff's Amended Complaint Pleaded A Legally Cognizable Cause Of Action Within The Jurisdiction Of This Court**

"Fed R. Civ. P. 12(b)(6) permits the court, upon a motion of the Defendant to dismiss all or part of a Plaintiff's cause of action for failure to state a claim upon which relief can be granted. The court must not grant such a motion, however, unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Garrison v. R.H. Barringer</u>, 152 F. Supp. 2d 858 (D. Md. 2001) (citing <u>Conley v. Gibson</u>, 355 U.S. 41 45-46, 2L. Ed. 2d 80, 78 S. Ct. 99 (1957) and <u>Mylan Labs., Inc. v. Matgkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). "In making this determination, the court should construe the compliant in the light most favorable to the Plaintiff and must accept all of the Plaintiff's well-pleaded allegations as true." <u>Mylan Labs</u>., at 1134.

The Fourth Circuit has stated that under the liberal rules of federal pleading, a complaint should survive a motion to dismiss if it sets out facts sufficient for the court to infer that all the required elements of the cause of action are present. <u>Garrison, at 859, citing Wolman v. Tose</u>, 467

F.2d 29, 33 (4th Cir. 1972).

### a. Plaintiff's Amended Complaint Set Forth Sufficient Specific Facts And Information To Show And Infer That Plaintiff Engaged In Protective Activity Under Title VII And Section 1981

EEOC's set fort that protected activity includes:

*__Opposition to a practice believed to be unlawful discrimination.__ Opposition is informing an employer that you believe that he/she is engaging in prohibited discrimination. Opposition is protected from retaliation as long as it is based on a reasonable, good-faith belief that the complained of practice violates anti-discrimination law; and the manner of the opposition is reasonable. Examples of protected opposition include: Complaining to anyone about alleged discrimination against oneself or others;" and,*

*__Participation in an employment discrimination proceeding.__ Participation means taking part in an employment discrimination proceeding. Participation is protected activity even if the proceeding involved claims that ultimately were found to be invalid. Examples of participation include: Filing a charge of employment discrimination;*

(<u>The U.S. Equal Employment Opportunity Commission</u>, available at,

http://eeoc.gov/types/retaliation.html)

Plaintiff's Amended Complaint sets out specifics facts and information that Plaintiff and the African American employees in the environmental services department believed they were been treated unfairly because they were African Americans. In May 2007, after an incident where Plaintiff believed she was treated unfairly and humiliated, Plaintiff complaint to Defendant and Local 3374 about the incident, and about the general belief and feeling among Plaintiff and other environmental services employees of unfair and discriminatory treatment. On the suggestion of Plaintiff's shop steward, Plaintiff prepared a petition of Plaintiff's and her co-workers complaint and collected the signatures of the employees who shared the complaints

9

and grievances.  After Plaintiff collected over 72 signatures for the petition, Plaintiff delivered the petition with the signatures to Defendant and Local 3374.  When Plaintiff did not get a proper acknowledgment, or timely response from Defendant, Plaintiff visited the EEOC's office in Baltimore to complain and initiate charges against Defendant for discrimination.  At the EEOC, Plaintiff was given EEOC intake forms to complete, and additional EEOC intake forms to pass out to other employees who were complaining of unfair and discriminatory treatment.

On June 26, 2007 when Defendant indefinitely suspended and effectively discharge Plaintiff from her employment, Defendant became aware that Plaintiff had contacted the EEOC regarding Plaintiff's allegations of unfair and discriminatory treatment.  Defendant became aware on the morning of June 26, 2007, when Plaintiff's supervisors Mr. Harry Mathews and Mr. Ronald Hart approached and questioned a co-worker who Plaintiff had given an EEOC intake form.  After Mr. Mathews review the form, he and Mr. Hart walked away without saying anything to Plaintiff or her co-worker.  Later that day, at about 2:00 p.m., Plaintiff was summoned by Mr. Gair to report to Defendant's HR office where Plaintiff met Mr. Gair and Ms. Jessica Powell.  They then immediately suspended Plaintiff indefinitely from her employment.

Plaintiff had previously collected over 72 signatures for the grievances petition and turned it over to Defendant, but Plaintiff was not suspend at that time, although Defendant started to harass Plaintiff. Defendant was aware of Plaintiff's activities, and at no time was Plaintiff warned or directed not to leave her assigned work area in connection with the petition

and collection of signatures. Plaintiff did not neglect any work duties, or acted in any insubordinate manner, and was indefinitely suspended when Defendant realized that Plaintiff initiated contact with the EEOC regarding her complaints of unfair and discriminatory treatment, and was providing EEOC intake forms to her co-workers who signed the petition.

Clearly the Amended Complaint set forth facts and information showing, and from which it can be inferred, that Defendant fired Plaintiff for opposing Defendant's discriminatory practices as well as because the Plaintiff participated in protected activity by going the EEOC to complaint about what Plaintiff believed to be discriminatory employment practices by Defendant, and providing EEOC intake forms to her co-workers who signed the petition.

### b. Plaintiff Amended Complaint Is Not Predicated On Unfair Labor Practice Pursuant To The National Relations Act

Plaintiff's Amended Complaint is based on retaliation in violation of Title VII and Section 1981. Plaintiff alleged facts showing, and from which it can be inferred, that Plaintiff engaged in activates protected under Title VII, by opposing unfair and discriminatory practices of Defendant, and going to the EEOC to initiate a complaint against Defendant. Defendant became away that Plaintiff visited the EEOC's office when Defendant saw Plaintiff handing out EEOC forms. Defendant then immediately fired Plaintiff from her employment. Although the facts and allegations of the Amended Complaint show that Plaintiff engaged in activities for the mutual aid or protection of her co-workers by opposing Defendant's actions, and going to the EEOC to initiate discrimination charges against Defendant, this action is not a claim for unfair labor practices under the NLRA. The Defendant is correct in its Defendant's Supplement To Motion to Compel Joinder or to Dismiss, that Plaintiff's unfair labor practice

claim against Defendant pursuant to the NLRA, has been appropriately filed with the NLRB.

### c. Plaintiff's Claim For Retaliatory Discharge Is Timely Because Plaintiff's Suspension Effectively Became Plaintiff's Discharge From Her Job

Plaintiff's indefinite suspension was effectively the termination of Plaintiff's employment by the Defendant. After more than two weeks Defendant had taken no action to communicate with Plaintiff regarding the status of her employment, and had failed to return Plaintiff's calls. Plaintiff was subsequently forced to submit a letter of resignation. However, the suspension was indefinite, and intended to, or had the effect of terminating Plaintiff's employment with the Defendant.

Plaintiff's set forth in her EEOC charges facts and information regarding Plaintiffs' suspension, as well as general allegations of Defendant's discrimination and adverse actions against Plaintiff' employment terms, conditions and benefits.

### 4. Defendant's Cannot Avoid Sanction by its Concession In Its Memorandum Of Law That Its Motion To Strike Is Without Legal Grounds.

Defendant and its "Counsel should not take positions that are arbitrary or positions that only serve to increase costs or cause delay." *Corinne Gonzales v. Lawrence Boas*, 162 Md. App. 344 (Md. App 2005). Defendant admitted that its Motion to Strike was without legal grounds, and withdrew its contention that Plaintiff could not file her Amended Complaint pursuant to Fed. R. Civ. P. 15(a).

Since the Motion to Strike has no legal basis, it appears to have been brought, and has had the effect of increasing cost and causing delay against the Plaintiff. For this Defendant should be sanctioned.

## V. CONCLUSION

For the forgoing reasons, Plaintiff respectfully and humbly requests that this Court: deny Defendant's request in its Memorandum of Law to "treat" Defendant's Motion to Compel or to Dismiss as pending against Plaintiff's Amended Complaint; Deny Defendant's Motion to Strike which Defendant concedes is without legal basis; Deny, Defendant's Motion to Compel Joinder or to Dismiss; and, sanction Defendant for presenting its frivolous Motion to Strike Plaintiff's Amended Complaint.

Respectfully submitted,

_____/s/_____
George A. Rose, Esq.
Rose Law Firm, LLC
218 E. Lexington Street, Suite 500A
Baltimore, MD.  21202
Phone Number: 410-727-7555
Trial Bar Number: 26086

**Attorney for Plaintiff**